Marianne Dugan, Attorney
OSB # 932563
259 E. 5th Ave., Suite 200-D
Eugene, OR  97401
(541) 338-7072
Fax 866-650-5213
mdugan@mdugan.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

JAMES M. MURPHY, M.D.

CASE NO. 3:14-cv-01498-SI

Plaintiff,

PLAINTIFF'S REPLY IN SUPPORT OF
PARTIAL SUMMARY JUDGMENT

v.

TUALITY HEALTHCARE,

Defendant.

Plaintiff submits this reply in support of his motion for summary judgment.

Defendant is correct that the Title VII case law can provide guidance in the USERRA context.  However, as plaintiff explained in his opening brief, USERRA explicitly places even narrower boundaries upon the situations which will be deemed to be contractor as opposed to employee relationships.  USERRA presumes the parties are in an employee-employer relationship to an even greater extent than does Title VII.

Whether plaintiff was an employee is not something that can be determined based upon the labels the parties placed upon the relationship.  As the court explained in the USERRA context in <u>Evans v. Mass. Mutual</u>, 856 F. Supp. 2d 606 (W.D.N.Y. 2012):

> In determining whether a plaintiff was an employee or an independent contractor, courts apply the "economic realities" test, which looks to the actual facts of the parties' relationship, and not simply to the nomenclature they have used in their written

Page 1 - PLAINTIFF'S REPLY IN SUPPORT OF SUMMARY JUDGMENT

agreement.  See, e.g., Real v. Driscoll Strawberry Associates, Inc., 603 F.2d 748, 755 (9th Cir. 1979) ("Economic realities, not contractual labels, determine employment status for the remedial purposes of the FLSA"); Scantland v. Jeffry Knight, Inc., No. 8:09-CV-1985, 2012 WL 1080361, at *6 (M.D. Fla. Mar. 29, 2012) ("Economic reality controls over labels or subjective intent as to the ultimate issue of Plaintiffs' status as independent contractors or employees"); Harris v. Attorney Gen'l of the United States, 657 F. Supp. 2d 1, 10 (D.D.C. 2009) ("While contracts manifest the parties' intent, they do not necessarily reflect 'economic realities'").

Therefore, even if plaintiff had asserted that he was a contractor rather than an employee (which is not clear), that assertion would not answer that legal question.  In his declaration plaintiff has set forth sufficient facts to create abundant issues of material fact for the factfinder regarding whether the parties were in an employee-employer relationship.  Defendants argue that plaintiff did not produce "evidence," but a plaintiff's testimony via declaration is generally sufficient to defeat summary judgment.  Fonseca v. Sysco Food Services of Arizona, Inc., 374 F.3d 840, 844 n.2 (9th Cir. 2004).  See also Lolli v. County of Orange, 351 F.3d 410, 412 (9th Cir. 2003) ("unsurprising[]" that officers' version is very different from plaintiff's, in case involving alleged failure to give medications in jail); Palmer v. Pioneer Inn Associates, Ltd., 257 F.3d 999 (9th Cir. 2003) (overturning summary judgment for employer because plaintiff's own affidavit was enough to present a *prima facie* case); Tortu v. Las Vegas Metropolitan Police Dept, 556 F.3d 1075 (9th Cir. 2009) (reversing JNOV where plaintiff's testicle was injured during scuffle with airport police, with no explanation except plaintiff's).

Furthermore, defendant's attempt to distinguish Kennedy v. Allied Mutual Insurance Co., 952 F.2d 262 (9th Cir. 1991), is unavailing.  It is true that "[t]he general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony."  952 F.2d at 266 (citing Radobenko v. Automated Equipment Corp., 520 F.2d 540 (9th Cir. 1975)).  However, the plaintiff in the instant case has not presented in his declaration

facts which are in conflict with facts presented in his deposition testimony. The fact that a party does not know the legal argument on the facts is not determinative. See Alexander v. Eye Health Northwest PC, CV05-1632-HU, 2006 U.S. Dist. LEXIS 72282 (D. Or. 2006) at *16-17 (Judge Hubel rejecting argument that plaintiff should be limited to evidence and arguments she was aware of at deposition).

Defendant apparently is relying on the fact that the parties sometimes called their relationship a "contractor" relationship rather than an "employee" relationship; and that Dr. Murphy paid his own taxes. But under USERRA give factors are particularly significant vis-a-vis the economic realities analysis, namely:

> (1) the degree of control exercised by the employer over the worker[ ], (2) the worker['s] opportunity for profit or loss and [his] investment in the business, (3) the degree of skill and independent initiative required to perform the work, (4) the permanence and duration of the working relationship, and (5) the extent to which the work is an integral part of the employer's business.

Evans. Many other factors are relevant, as discussed in plaintiff's opening brief.

Even looking only at the five factors listed above, as plaintiff explained in his opening brief, Tuality exercised virtually complete control over the worker; and the worker had no individualized opportunity for profit or loss, and no investment in the business. Tuality mandated a full-time schedule and a non-compete provision within Washington County that prevented plaintiff from operating as a private contractor amongst several employers.

As for the third factor, as noted in the opening brief, the skill and independent initiative required of plaintiff were the same as defendant's "employee" anesthesiologist.

Regarding the fourth factor, the forgiveness of the "loan" was predicated on working at the facility for at least three years, rendering the working relationship more permanent and of

longer duration than a "contractor" position.

As for the fifth factor, plaintiff's services were integral to the hospital's operations. Plaintiff was recruited to do anesthesia; and without anesthesia services, no surgery services could be provided.

Plaintiff's declaration sets forth several material issues of fact regarding whether plaintiff was an "employee" of defendant, sufficient to present the case to a factfinder. Indeed, plaintiff's evidence establishes that plaintiff was an employee under the very liberal standard for a USERRA claim. Plaintiff therefore respectfully requests that the Court deny defendant's motion for summary judgment and grant plaintiff partial summary judgment on the question of whether he was an employee.

Respectfully submitted September 14, 2015.

    /s/ Marianne Dugan
Marianne Dugan, OSB # 932563
Attorney for Plaintiff
259 E. 5th Ave., Suite 200-D
Eugene, Oregon 97401
(541) 338-7072